O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| COLLEEN BROGLIA, <br><br> Petitioner, <br><br> v. <br><br> MOLLY HILL, Warden, <br><br> Respondent. | Case No. CV 19-03351-DFM <br><br> MEMORANDUM OPINION AND ORDER |

## I.   BACKGROUND

**A.    <u>State Court Proceedings</u>**

In 2010, Petitioner Colleen Broglia ("Petitioner") pleaded guilty to gross vehicular manslaughter and was sentenced to eighteen years in state prison. <u>See</u> Dkt. 1 ("Petition") at 2; <u>see also</u> Lodged Document ("LD") 1 (abstract of judgment). Of relevance here, the trial court applied a six-year sentencing enhancement for causing great bodily injury under Penal Code § 12022.7 to Petitioner's conviction of gross vehicular manslaughter. <u>See</u> LD 1.[1]

---

[1] Section 12022.7(a) provides: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years."

On November 20, 2017, Petitioner filed in Los Angeles County Superior Court a petition for writ of habeas corpus, arguing that the sentencing enhancement under § 12022.7 was unlawful. See LD 2. On January 5, 2018, the Superior Court denied her petition, holding that Petitioner's claim was waived by her guilty plea. See LD 3. On February 6, 2018, Petitioner filed a habeas corpus petition in the California Court of Appeal. See LD 4. On February 22, 2018, the California Court of Appeal denied her petition, stating that she had failed to demonstrate that she was entitled to habeas relief. See LD 5. On March 2, 2018, Petitioner filed a petition for review with the California Supreme Court. See LD 6. That court summarily denied her petition. See LD 7.

**B.     Federal Court Proceedings**

On April 15, 2019, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. The Petition raises two claims. First, the Petition argues that the six-year sentencing enhancement imposed under Penal Code § 12022.7 was "unlawful" or "unauthorized." Petition at 5. This argument is based on a 2015 decision of the California Supreme Court, which held that a great bodily injury enhancement could not be attached to a conviction for murder or manslaughter. See People v. Cook, 60 Cal. 4th 922, 938 (2015). Second, the Petition argues that the California Court of Appeal's summary denial of her habeas corpus petition violated her Fourteenth Amendment rights, because the petition stated a prima facie claim for relief. See Petition at 5.

Respondent moved to dismiss the Petition. See Dkt. 13. Respondent argues that Petitioner's first claim is untimely and unexhausted. See id. at 4-11. Respondent concedes that Petitioner's second claim would be timely but contends that it is not a cognizable basis for habeas relief. See id. at 6 n.5. Petitioner filed an "objection" to Respondent's motion, which the Court

interprets as an opposition. <u>See</u> Dkt. 16. The matter is now before the Court for decision.

## II. ANALYSIS

### A. <u>Petitioner's Second Claim Is Not Cognizable</u>

As an initial matter, the Court agrees with Respondent that Petitioner's claim about the California Court of Appeal's decision denying her habeas corpus petition is not a basis for federal habeas relief. <u>See</u> <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

### B. <u>Petitioner's First Claim Is Barred by the Statute of Limitations</u>

#### 1. Facial Untimeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. <u>See</u> 28 U.S.C. § 2244(d)(1). This limitation period ordinarily begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner did not file a direct appeal of her sentence after pleading guilty. Thus, her conviction became final 60 days after her May 27, 2010 sentencing, on July 26, 2010. <u>See</u> LD 1; <u>see also</u> Cal. R. Ct. 8.308(a); <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (1994). Petitioner had one year from the date her judgment became final, or until July 26, 2011, to file a timely habeas corpus petition in this Court. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until April 2019.

Petitioner has no basis for contending that she is entitled to a later trigger date. Petitioner cannot contend that she was impeded from filing a federal petition by unconstitutional state action. <u>See</u> 28 U.S.C. § 2244(d)(1)(B). The

California Supreme Court's 2015 decision in <u>Cook</u> does not provide a basis for an argument that prior decisions were an impediment to an earlier habeas petition. <u>See</u> <u>Shannon v. Newland</u>, 410 F.3d 1083, 1087 (9th Cir. 2005) (holding that § 2244(d)(1)(B) could not be construed to apply to state court decision clarifying its own substantive or procedural law). Nor is Petitioner's claim based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. <u>See</u> 28 U.S.C. § 2244(d)(1)(C). As for 28 U.S.C. § 2244(d)(1)(D), "a state-court decision can, in some circumstances, qualify as a fact." <u>Shannon</u>, 410 F.3d at 1088. But the Ninth Circuit has limited those circumstances to when the "state-court decision in question was a decision in the petitioner's <u>own</u> case." <u>Id.</u> Where, as here, a state-court decision instead establishes "an abstract proposition of law arguably helpful to the petitioner's claim," that decision is not the "factual predicate" for that claim under § 2244(d)(1)(D). <u>Id.</u> at 1089. The Petition is accordingly untimely.

## 2. Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." <u>Id.</u> Periods of up to 60 days are generally presumptively reasonable. <u>See</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 201 (2006).

As discussed above, Petitioner's limitation period began running on July 26, 2010. Petitioner's earliest state habeas petition was filed in November 2017. Thus, the AEDPA limitations period expired long before she could have qualified for any statutory tolling.

### 3.    Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. <u>Id.</u> at 649. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" <u>Porter v. Ollison</u>, 620 F.3d 952, 959 (9th Cir. 2010) (quoting <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009)).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Consequently, equitable tolling is justified in few cases. <u>See</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Holt v. Frink</u>, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner could argue that the limitation period should be equitably tolled because the <u>Cook</u> decision was not issued until 2015. In <u>Shannon</u>, the Ninth Circuit rejected an argument that the limitation period should be equitably tolled between a conviction and a new decision by the

California Supreme Court on a matter of state law. The Ninth Circuit reasoned that such a circumstance was not of the type contemplated by the equitable tolling doctrine: "Each of the cases in which equitable tolling has been applied have involved <u>wrongful</u> conduct, either by state officials or, occasionally, by the petitioner's counsel." 410 F.3d at 1090. A new decision by the California Supreme Court on a matter of state law does not mean that the court had acted "wrongfully" before it issued the decision, and to grant equitable tolling on such a basis would call "for an unprecedented extension of the principle of equitable tolling" and would "open the door for any state prisoner to file a habeas petition anytime a state court issues a clarification of state law." <u>Id.</u>

Petitioner's only other basis for equitable tolling would be ignorance of the law. In her opposition, she states that as soon as she learned about <u>Cook</u>, she wrote to the California Appellate Project for assistance. Dkt. 16 at 2. According to the California Appellate Project, this occurred in the fall of 2017. <u>See</u> LD 6 at 10. Petitioner therefore learned about <u>Cook</u> about two and a half years after it was issued in February 2015. Ignorance of the law is not a basis for equitable tolling. <u>See</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

///
///
///
///
///
///
///

### III. ORDER

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Petitioner has had such an opportunity and has not shown that any cognizable claim in the Petition is timely.

IT IS THEREFORE ORDERED that the Petition be dismissed with prejudice.

Date: October 17, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge